# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv441

| | |
|---|---|
| MARK KEVIN MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ROSEBORO |
| Vs. ) | ORDER |
| ) | |
| RUTHERFORD COUNTY; PATRICIA ) | |
| McDOWELL; and ROBERT W. WOLF, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion to dismiss and it is his burden to show this court that it has jurisdiction over the Complaint he filed. Defendants have also moved to dismissed under Rule 12(b)(1), (2),(5), &(f).

Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. In this case, the moving defendant contends that no cause has been stated under 42, United States Code, Section1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

> subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a cause of action under Section 1983, plaintiff must allege deprivation of a right secured by the Constitution or other law of United States by a person acting under color of state law. Where that "person" is a municipality, such as a county, a plaintiff must allege that the alleged deprivation resulted from the execution of the local government's policy or custom, whether made by its lawmakers or by those whose acts may fairly be said to represent official policy, and that injury was inflicted as a result. Spell v. McDaniel, 824 F.2d 1380 (4th Cir. 1987); City of Canton v. Harris, 489 U.S. 378 (1989)

This language means that in responding to the motion to dismiss, plaintiff must show that he has made such allegations or that he could make such allegations in an amended complaint. Finally, plaintiff is advised that if he fails to respond to defendants' motion, the court will summarily recommend that his claim be dismissed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff respond to defendants Motion to Dismiss (#5) within 14 days of the filing of this Order.

Signed: October 14, 2008

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge