# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:08cv441

| | |
|---|---|
| MARK KEVIN MILLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> RUTHERFORD COUNTY; PATRICIA ) <br> McDOWELL; and ROBERT W. WOLF, ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the court on defendants' Motion to Dismiss. In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the undersigned issued an Order instructing plaintiff, who is proceeding *pro se*, as to his burden in responding to defendants' Motion to Dismiss. Defendants have moved to dismiss under Rules 12(b)(1),(2),(5),(6) &(f), plaintiff has filed a timely response, and defendants have filed no reply. Having carefully considered all the pleadings, the undersigned enters the following findings, conclusions, and Recommendation.

**FINDINGS AND CONCLUSIONS**

I.   **Applicable Standards**

A.   **Rule 12(b)(1) Standard**

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may

> consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

**B.    Rule 12(b)(2)**

Rule 12(b)(2) provides for dismissal where the court lacks personal jurisdiction over a particular named defendant. In the Fourth Circuit, the standard for deciding a motion based on Rule 12(b)(2) was set forth in Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989), where it explained that a plaintiff has the burden to prove personal jurisdiction by a preponderance of the evidence. When a factual dispute arises as to whether or not jurisdiction exists, the court may either conduct an evidentiary hearing

or defer ruling on the matter until it receives evidence on the jurisdictional issue at trial. Id. When a court decides the issue on the record then before it, the court may consider "the motion papers, supporting legal memoranda, affidavits, other documents, and the relevant allegations of the complaint," and the burden is plaintiff's "to make a mere *prima facie* showing of jurisdiction to survive the jurisdictional challenge." Clark v. Milam, 830 F.Supp. 316, 319 (S.D.W.Va.1993) (citations omitted). A court must resolve factual disputes in favor of the party asserting jurisdiction for the limited purpose of the *prima facie* showing. Bakker, at 676. Such resolution must include construing all relevant pleadings in a light most favorable to the plaintiff, assume the credibility of any affiant, and drawing the most favorable inferences for the existence of jurisdiction. Id.

### C. Rule 12(b)(5)

Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered.

> [T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.

Light v. Wolf, 816 F.2d 746, 751 (D.C.Cir.1987) (internal quotations omitted). Where the procedural requirements of sufficient process and service of process are not

satisfied, a court lacks power to assert personal jurisdiction over a defendant. Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C.Cir.2002). Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate. Dimet Proprietary, Limited v. Industrial Metal Protectives, 109 F.Supp. 472 (D. Del. 1952).

### D.     Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs'

complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlnatic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice

or by exhibit." <u>Venev v. Wyche</u>, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

   **E.     Rule 12(f) Standard**

Under Rule 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Striking a pleading is a drastic remedy. <u>Augustus v. Board of Public Instruction of Excambia County, Florida, et al.</u>, 306 F.2d 862, 868 (5th Cir.1962). A pleading should only be stricken when the pleading bears no relationship to the controversy. <u>Brown & Williamson Tobacco Corp. v. United States</u>, 201 F.2d 819, 822 (6th Cir.1953). A motion to strike places a "sizable burden on the movant," <u>Clark v. Milam</u>, 152 F.R.D. 66, 70 (S.D.W.Va.1993),and would typically require a showing that denial of the motion would prejudice the movant. <u>Id.</u>

**III.   Discussion**

Plaintiff brings this action against Rutherford County and two private individuals under 42, United States Code, Section 1983. While there are a number of grounds for dismissal of this action, plaintiff has most simply not stated a cause of action under Rule 12(b)(6), Federal Rules of Civil Procedure. In this case, the moving

defendants contend that no cause has been stated under Section 1983, a statute which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a cause of action under Section 1983, plaintiff must allege deprivation of a right secured by the Constitution or other law of United States by a <u>person acting under color of state law</u>. Where that "person" is a municipality, such as a county, a plaintiff must allege that the alleged deprivation resulted from the execution of the local government's policy or custom, whether made by its lawmakers or by those whose acts may fairly be said to represent official policy, and that injury was inflicted as a result. <u>Spell v. McDaniel</u>, 824 F.2d 1380 (4th Cir. 1987); <u>City of Canton v. Harris</u>, 489 U.S. 378 (1989).

Reading the Complaint in a light most favorable to plaintiff, it is apparent that plaintiff has a grievance with the Rutherford County Multiple Listing Services, Inc. Reading the letter attached to the Complaint as an exhibit, plaintiff's privilege to access the MLS service in Rutherford County was terminated when it was discovered that other members of his firm did not also pay the fee for such access. According to

the letter, the Rutherford County MLS has a policy that requires all members of a firm to pay the MLS subscription fee, which the court assumes is a requirement to prevent loss of revenue through account sharing.

The basis of the Complaint appears to be a contention that his exclusion from MLS in Rutherford County was based on his race, contending summarily that such policy was not enforced against white agents. An inference that arises from the the Complaint is that plaintiff is African-American.

Thus, there are two problems with plaintiff's Complaint. First, he has attempted to bring his action under Section 1983, which only applies to state actors or those who conspire with state actors. Although naming "Rutherford County," plaintiff has made absolutely no allegations concerning any discriminatory or other unlawful act by Rutherford County. It would appear from the pleadings that plaintiff has assumed that the "Rutherford County MLS Services, Inc." is somehow affiliated with Rutherford County, but there are no allegations that would connect Rutherford County to the private corporate entity. That assumption has no foundation whatsoever. The exhibits attached to the plaintiff's complaint show clearly that Rutherford County is not a proper defendant and that no cause of action exists against the county.

Plaintiff has further named two individuals in the caption of his Complaint, and plaintiff complaints about actions they took in furtherance of the corporation's

decision. The female defendant appears from the Complaint and attachments to be the corporation's administrative assistant who may have had some contact with plaintiff either by phone, mail, or in person. The male defendant appears to be the corporation's counsel, who wrote the letter informing plaintiff that his privilege of accessing the MLS service offered by that corporation had been terminated.

Regardless of whether a plaintiff has counsel or not, the burden is always on the plaintiff who asserts federal jurisdiction to show that a substantial federal question exists over his claim. Goldsmith v. Mayor of Baltimore, 845 F.2d 61 (4th Cir. 1988). A plaintiff's claim is insubstantial if it is obviously without merit or is clearly foreclosed by authoritative precedent. Hagans v. Lavine, 415 U.S. 528 (1974); Crosby v. Holsinger, 816 F.2d 162 (4th Cir. 1987).

Local governing bodies, such as counties are "persons" that can be sued directly under Section 1983 for monetary, declaratory, or injunctive relief when alleged unconstitutional action executes governmental policy or custom. Monell v. Department of Social Servs., 436 U.S. 658 (1978). Two elements are required to establish municipal liability: (1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether municipality is responsible for that violation. A county is responsible under Section 1983 only when the execution of its policy or custom, whether made by its lawmakers or by those whose acts may fairly

be said to represent official policy, inflicts injury. Monell, 436 U.S. at 694.

In this case, there are absolutely no allegations that connect the alleged discriminatory conduct to Rutherford County. Taking all allegations in the Complaint as true, it would appear that plaintiff's grievance is with a private actor and those acting on behalf of that private actor and that no action by any governmental body has been alleged. Thus, plaintiff has failed to state a cause of action against the county.

Finally, the undersigned has reviewed the allegations against the individual defendants. The allegations of the Complaint appear to be directed against individuals for acts done in furtherance of their private employer's (or client's) business. State action is present if the conduct allegedly causing the deprivation of federal right may be fairly attributed to the state. NCAA v. Tarkanian, 488 U.S. 179 (1988). Although private use of state-sanctioned private remedies does not rise, by itself, to the level of state action, state action is present when private parties make extensive use of state procedures with overt, significant assistance of state officials. Tulsa Professional Collection Servs., Inc. v. Pope, 485 U.S. 478 (1988); Jones v. Poindexter, 903 F.2d 1006 (4th Cir. 1990). In this case, there are absolutely no allegations that any of the individual defendants made any use of state or county process in terminating plaintiff's membership. As there are absolutely no allegations that these individuals were acting under color of state law or made extensive use of state process with the

assistance of state officials, no claim is stated against them either under Section 1983. Such rationale would also apply to other potential individual defendants named in the body of the Complain, but not in the caption.

Because a reading of the plaintiff's complaint and the exhibits attached thereto show without any doubt that a cause of action has not been stated against the defendants the undersigned has respectfully and humbly determined as a matter of judicial economy not to waste any further court time discussing the other motions of the defendants even though it appears those motions have merit. If the District Court requests such review and discussion then the undersigned will promptly address those motions to assist the court.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants' Motion to Dismiss (#5) be **ALLOWED**, and that this action be **DISMISSED** in it entirety for failure to state a claim against any defendants.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: November 30, 2008

_____
Dennis L. Howell
United States Magistrate Judge